### DECKER *v.* MANHATTAN RY. Co.

*(Supreme Court, General Term, First Department.* June 19, 1888.)

1. NEGLIGENCE—INSTRUCTIONS—SUBMISSION TO JURY.
    When plaintiff claims that the gates were open, and the train standing still, and, as she attempted to enter, the train started without notice, and threw her down, inflicting severe injuries, a charge that plaintiff must prove by a preponderance of testimony that defendant was negligent; that it left the gate open, and the train started just as she was about to get on board, and before she had the opportunity; and that she did nothing an ordinarily prudent person would not do; and that the train had not started when she attempted to get on board,—clearly leaves to the jury the only questions in the case.
2. CARRIERS—OF PASSENGERS—DUTY TO BE CAREFUL—RAILROAD COMPANIES.
    A charge that in the case of steam railroads the utmost care must be used in carrying passengers is strictly correct, and cannot prejudice defendant, sued for an injury to a person entering its train, even if it has no application to the evidence.
3. APPEAL—REVIEW—CONFLICTING EVIDENCE.
    Where the evidence is conflicting, and the issues are clearly presented in the charge of the judge, and a motion for a new trial is overruled by him, the verdict of the jury will not be disturbed.

Appeal from circuit court New York county; INGRAHAM, Judge.

Elizabeth Decker, plaintiff, sued the Manhattan Railway Company for personal injuries.   Judgment for $500 for plaintiff.   Defendant appeals.

Before VAN BRUNT, P. J., and DANIELS and BARTLETT, JJ.

*Howard Townsend,* for appellant.  *James A. Patrick,* for respondent.

VAN BRUNT, P. J.   The plaintiff claimed damages for an injury sustained as she was boarding a train of the defendant.   She claimed that the train was standing still with the gates open, and, as she attempted to enter, without any warning to her the train started, and threw her down, inflicting severe injuries.   The defendant, upon the other hand, claims that the plaintiff attempted to board the train after the gates had been closed, and the train had started. The points suggested upon this appeal are that the verdict is against the weight of evidence, and that the learned court erred in its charge to the jury.   It may be true that the plaintiff's story is only supported by her own evidence, and that she is contradicted by numerous witnesses upon the part of the defendant; but this forms no ground for setting aside the verdict, for the reasons stated in the case of *Hickinbottom* v. *Railroad Co.,* 47 Hun, 639, (recently decided by this court.)   The learned justice who presided at this trial, in a remarkably clear and lucid charge, presented the question at issue in such a manner that the jury must have plainly understood the necessities of the plaintiff's case, and the verdict in favor of the plaintiff did not seem to him to be so far against the justice of the case as to require his intervention by granting the motion to set the same aside.   If the motion had been granted, such ruling would probably have been sustained, because the granting of such a motion shows that the judge presiding is of the opinion that the verdict has been brought about by improper causes, and is not the result of a simple consideration of the evidence and the rules laid down by the court for its application, and should not, therefore, be allowed to stand.   In the case at bar there was a sharp conflict, and unless something had occurred during the trial showing with reasonable certainty that the plaintiff was unworthy of credit, the question was one for the jury.   The objection taken to the learned judge's charge is not well founded.   His charge was strictly correct,—that in the case of steam railroads the utmost care must be used in the carrying of its passengers.   It may be true that this rule had no application to the case at bar, because the accident did not happen while the defendant was carrying the plaintiff as a passenger; but the stating of the rule in correct language in no way prejudiced the defendant.   The jury, subsequent to this time, were told over and over again with great distinctness that, if the plaintiff attempted to board this train while the gates were shut, or the train in motion, she could not recover.   The very last directions that the learned court gave to the jury were that they must find these two questions in favor of the plaintiff by a preponderance of evidence:  "*First.* That the defendant was negligent that it did leave this gate open, and invited her to enter, and, just as she was about to enter, the train started before she had an opportunity to get on board.   *Secondly.* That she was careful that she did nothing that an ordinarily prudent person would not do under like circumstances, or, in other words, that the train had not started when she attempted to get on."   Thus were clearly left to the jury, without any chance for misapprehension, the only questions involved.   The judgment and order appealed from should be affirmed, with costs.

BARTLETT and DANIELS, JJ., concur.